[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, #217
This is a medical malpractice action brought by the plaintiffs, Peter and Cynthia Zbras, against the defendants: Walter T. Shanley, M.D., his professional corporation, Fairfield Orthopedic Associates, P.C., and St. Vincent's Medical Center. St. Vincent's alleges the following facts. The plaintiff injured his back in 1984 and again in 1987 at work. The plaintiff received workers' compensation benefits and has been treated by various providers. The plaintiff was referred to Dr. Stanley Fromm who referred the plaintiff to Dr. Shanley. Dr. Shanley initially treated the plaintiff with physical therapy at his office located in Bridgeport. On July 7, 1993, Dr. Shanley operated on the plaintiff at St. Vincent's Medical Center and used TSRH pedicle screws to stabilize the spinal CT Page 10095 fusion. The plaintiff alleges that he was injured due to a pedicular screw being inserted into the region of the lateral recess and spinal cord causing the plaintiff pain and suffering.
St. Vincent's Medical Center moves for summary judgment as to counts one, two, seven and ten which allege different theories of vicarious liability against St. Vincent's for the alleged negligence of Dr. Shanley, an alleged employee, agent and/or servant of St. Vincent's. St. Vincent's claims that Dr. Shanley is not an employee, agent and/or servant and therefore, it cannot be liable for the alleged negligence of Dr. Shanley. The plaintiff objects to summary judgment asserting that Dr. Shanley is, in fact, an employee. Also, the plaintiff contends that count one alleging negligence per se for a violation of The Food, Drug and Cosmetic Act, is actionable against St. Vincent's due to its sale of an adulterated product, the TSRH hardware implanted into the plaintiff.
 DISCUSSION
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "A genuine issue has been variously described as a triable, substantial or real issue of fact . . . and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) UnitedOil Co. v. Urban Development Commission, 158 Conn. 364, 378, 260 A.2d 596
(1969). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id., 379.
St. Vincent's moves for summary judgment on counts one, two, seven and ten on the ground that each count is based upon vicarious liability for Dr. Shanley's alleged negligent acts and omissions and there exists no genuine issue of material fact that Dr. Shanley is not an agent, employee and/or servant. Thus, the motion for summary judgment should be granted as to the above counts. As to the portion of count one which alleges negligence per se, St. Vincent's contends that the Food, Drug and Cosmetic Act (FDCA) does not apply to the practice of medicine. Therefore, St. Vincent's asserts it is entitled to summary judgment. The plaintiff counters, arguing that St. Vincent's is subject to the FDCA because it is not a practitioner of medicine and it sold an adulterated medical device to the plaintiff and questions of fact exist as to whether Dr. Shanley was an employee, agent and/or servant of St. Vincent's. CT Page 10096
As to the FDCA, this court finds that the Act does not apply to St. Vincent's. In a previous ruling in this case, the court, Rush, J., granted summary judgment to St. Vincent's as to count five, a products liability claim. The plaintiff argued that the TSRH hardware was ordered by Dr. Shanley and supplied by St. Vincent's who thereafter billed the plaintiff for the TSRH hardware. The court ruled that St. Vincent's is not engaged in the business of selling equipment, but are engaged in the business of providing medical services, therefore St. Vincent's is not subject to the product liability act. The logical extension of that ruling prohibits the plaintiff's FDCA claim. If St. Vincent's is not a seller for purposes of the products liability act, it would be a stretch of the law to say that it is a seller by virtue of billing patients for products used in operative procedures. The court further stated that the fact that the equipment utilized in the operative procedure was separately billed to the plaintiff made no difference and cited toCafazzo v. Central Medical Health Services, 542 Pa. 526, 530, 668 A.2d 521
(1995), wherein the court stated: "the thrust of the inquiry is thus not whether a separate consideration is charged for the physical material used in the exercise of medical skill but what service is performed to restore or maintain the patient's health." This court agrees.
The plaintiff bases his claim pursuant to the FDCA on the same logic as the previous product liability claim: St. Vincent's billed the plaintiff for the cost of the adulterated TSRH hardware and therefore, sold it to him in violation of the FDCA. This argument fails. The legislature specifically stated, "Nothing in this chapter [21 U.S.C. § 396] shall be construed to limit or interfere with the authority of a health care practitioner to prescribe or administer any legally marketed device to a patient for any condition or disease within legitimate health care practitioner-patient relationship." By allowing a claim against a hospital under the FDCA because the hospital billed a patient for an alleged adulterated device ordered by a private physician would limit and interfere with the health care practitioner's relationship in prescribing and administering any device. Further, an off-label use of a medical device is not prohibited by the FDCA. See Ortho Pharmaceutical Corp. v.Cosprophar, Inc., 32 F.3d 690, 692 (2d Cir. 1994). Therefore, St. Vincent's actions in billing the plaintiff do not constitute a sale of an adulterated product bringing the claim within the purview of the FDCA.
As to counts two, seven and ten alleging respectively, negligence, lack of informed consent, breach of contract and loss of consortium, this court rules that Dr. Shanley is not an agent, employee and/or servant of St. Vincent's and therefore, St. Vincent's cannot be liable to the plaintiff under theories of vicarious liability. "Connecticut courts have long recognized a distinction between employees or agents and independent CT Page 10097 contractors with respect to imposing vicarious liability on the employer. . . . Under Connecticut law, "agency' is defined as `the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act'. . . . By contrast, an `independent contractor' is `one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without subject to the control of his employer, except as to the result of this work'. . . . Thus, the determination as to whether one is an employee or an independent contractor `depends on the existence or nonexistence of the right to control the means and method of work'". (Citations omitted.) Menzie v. Windham Community Memorial Hospital,774 F. Sup. 91, 94 (D.Conn. 1991).
St. Vincent's submits the certified deposition testimony of the plaintiff and Dr. Shanley as well as the plaintiff's interrogatories, and Dr. Shanley's answers to St. Vincent's request for admissions in support of its motion for summary judgment. The plaintiff's deposition testimony contains the statements: 1) Dr. Shanley's office is not located within St. Vincent's Medical Center; 2) it was Dr. Shanley's decision to use the pedicle screws in the plaintiff's surgery. Dr. Shanley's deposition testimony contains the statements: 1) He was an attending orthopedic surgeon; 2) He was not compensated for this position; 3) there are no written contracts between himself and St. Vincent's; 4) with the exception of the surgery, Dr. Shanley saw the plaintiff at his office, not at St. Vincent's Medical Center; 5) Dr. Shanley's billing is done through his office; and 6) he did not need approval from St. Vincent's in order to utilize the TSRH hardware.
St. Vincent's has sufficiently established that Dr. Shanley is not an employee, agent or servant. Dr. Shanley did not receive any compensation from St. Vincent's nor is there any evidence that St. Vincent's exercised any control over the manner in which Dr. Shanley practiced medicine. There is no evidence of a contract between Dr. Shanley and St. Vincent's and Dr. Shanley has maintained his own private corporation with offices in several locations where he sees patients who are not hospitalized. Dr. Shanley's office generates the billing for his services and Dr. Shanley ordered the TSRH hardware used in the procedure.
The plaintiff's arguments that Dr. Shanley is an employee are unavailing. The plaintiff cites to St. Vincent's answer asserting that it admitted that Dr. Shanley is an employee with its answer: "St. Vincent admits that it is a Connecticut non-profit corporation that maintained and operated a hospital in the City of Bridgeport know as St. Vincent's Medical Center and that it charged patients admitted thereto such sums of money as are permitted under the laws of the State of Connecticut as fair CT Page 10098 and reasonable consideration for the medical services and facilities furnished by it under the direction and supervision of the patients' private attending physicians." The court disagrees that this answer admits an employee relationship with Dr. Shanley. The answer specifically states, "supervision of the patient's private attending physicians", indicating an independent contractor relationship, not an employer-employee relationship.
For the foregoing reasons, St. Vincent's motion for summary judgment as to counts one, two, seven and ten is granted.
 _____________________ GALLAGHER, J.